JOHN FULLER, BY HIS NEXT FRIEND, JEANNE FULLER, AND JEANNE FULLER, PLAINTIFFS-APPELLEES, v. STATE CAFETERIA, A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted March 13, 1925—Decided August 3, 1925.

**Assault—Customer at Restaurant Directed by Manager to Get Out, Upon Refusal He Was Ejected—Judgment for Plaintiff—Ample Evidence, if Believed, That Excess Force Was Used—While Excerpts From Charge Not All That Might be Desired, They Do Not Lead to Reversal.**

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *Darling, Barnes & Dowden.*

For the appellees, *A. Harry Moore.*

PER CURIAM.

This was an action in the Second District Court of Jersey City to recover damages for personal injuries sustained in an assault at the hands of the manager of the defendant corporation. The plaintiff John Fuller claims for personal injuries, and his mother, Jeanne Fuller, for loss of his services. The story of John Fuller is that he entered the restaurant of the defendant about twelve-thirty A. M. on May 13th, 1924, and was getting something to eat; that he sat down to a table, and, while there, was accosted by the manager and told to get out; that he refused, and the manager then grabbed the chair from under him and assaulted him. Two grounds of appeal are set forth: One the refusal of the court to grant defendant's motion for a direction of a verdict for the defendant; the other that certain portions of the charge were erroneous. The refusal to direct a verdict was clearly right. There was ample evidence both from the plaintiff's testimony and that of the defendant that the act of the manager was in the course of his employment, and, if the proofs offered

by the plaintiffs are believed, that an excess of force was used in ejecting the plaintiff. For this the defendant would be answerable. *West Jersey and Seashore Railroad Co.* v. *Welsh,* 62 *N. J. L.* 655.

The portions of the charge to which exception is taken are as follows:

1. "If, on the other hand, the defendant convinces you by the preponderance of the evidence or the greater weight of the evidence that the defendant's version of the story is the true version of the story, then you must believe the defendant and render your verdict accordingly.

2. "I leave the story told by the witnesses for the plaintiffs and witnesses for the defendant entirely in your hands. You must consider thoroughly all the evidence that has been adduced here and convince yourself which one has told you the story you are to believe, which side has convinced you by the greater weight of the evidence that they are telling the truth. When you decide that, then you are to render your verdict accordingly."

While these excerpts from the charge are not all that might be desired, nor, indeed, entirely happy in expression, we do not think they should lead to a reversal. The court had previously told the jury that it was the duty of the plaintiffs to establish their case by a preponderance of the evidence, by the greater weight of the evidence. This clearly stated the legal obligation resting on the plaintiff. When the court added that if the defendant convinced the jury by the same evidence that his version of the story was true, then they must believe him and render a verdict accordingly, it stated what was undoubtedly a sound legal proposition. While there was a contingency not covered by the charge, viz., that if the evidence was inequilibrium on both sides there should be a verdict for the defendant, no exception was taken to this omission, nor any request submitted either before or after the charge to cover the omission, and when the judge told the jury they must consider which side had convinced them by the greater weight of the evidence, and render a ver-

dict accordingly, it must be taken in connection with what he had already said as to the burden imposed by the law on the plaintiff.

In this situation we think there was no such manifest injury to the defendant as is contemplated by the statute, and the judgment will be affirmed.